FILED
FT. SMITH DIST.

2020 JUN -2  P 1: 10

CIR. CLERK SEB. CO.

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
DIVISION _____

JUAN LOPEZ, on behalf of himself and all similarly          **PLAINTIFF**
situated persons and entities,

**vs.**                        **Case No. 66FCV-2020-** 446 (VII)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                           **DEFENDANT**

---

### CLASS ACTION COMPLAINT

---

**COMES NOW** the Plaintiff, Juan Lopez, on behalf of himself and all similarly situated

persons and entities, by and through his attorneys, and for his Class Action Complaint against

State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"), states and

alleges:

1.      This is a class action whereby Plaintiff seeks for himself and all other similarly

situated insured customers or former customers of Defendant a declaratory judgment that

Defendant violated Arkansas law when, as a common policy and general business practice, it

received reimbursement or subrogation of payments of optional medical payment ("Med-Pay")

and/or personal injury protection ("PIP") coverage from a third party before reaching an

agreement or receiving a judicial determination that the insured was made whole.

Page 1 of 14

EXHIBIT
A

2.      Plaintiff further seeks, for himself and all others similarly situated, a determination that Defendant's breach of contract requires it to pay monetary restitution, plus pre-judgment and post-judgment interest, of all of the reimbursed or subrogated Med-Pay or PIP payments from a third-party that State Farm illegally took before a judicial determination or agreement with the insured that the insured had been made whole.

3.      Finally, Plaintiff seeks for himself and all others similarly situated an preliminary and permanent injunction preventing Defendant from continuing to breach its insurance contracts and violating Arkansas law by receiving reimbursement or subrogation of Med-Pay or PIP payments from a third party before a judicial determination or an agreement with the insured that the insured had been made whole.

## JURISDICTION AND VENUE

4.      Plaintiff is a citizen and resident of Fort Smith, Sebastian County, Arkansas.

5.      Defendant, State Farm Mutual Automobile Insurance Company is an insurance company doing business in the State of Arkansas, who may be served with process in this Action through its registered agent, Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, Arkansas 72201-2425.

6.      The policy of insurance between Plaintiff and Defendant was executed in Fort Smith, Sebastian County, Arkansas.

7.      This Court has personal jurisdiction over the parties (under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution), the subject matter involved in this Action (under Ark. Const. Amend. 80 §6(A)), and this Court is the proper venue for this cause of Action.

## PARTIES

8.      Plaintiff, Juan Lopez, resides in Fort Smith, Sebastian County and is a citizen of the State of Arkansas. Plaintiff has contracted with the Defendant for automobile insurance. Plaintiff's contract for automobile insurance covers authorized, licensed drivers and passengers of Plaintiff's vehicle. Plaintiff's contract for insurance with Defendant also includes optional Med-Pay or PIP coverage. On or about July 20, 2016, Plaintiff was involved in an accident in the vehicle covered under Plaintiff's insurance contract with Defendant. Plaintiff was not at fault. Plaintiff suffered injuries and negotiated a settlement or damage award from the third-party tortfeasor's insurer. Plaintiff has since learned that a portion of his recovery was paid to Defendant as subrogation or reimbursement for Med-Pay or PIP. There was no judicial determination that Plaintiff had been made whole, and there is no agreement between Plaintiff and Defendant that Plaintiff had been made whole.

9.      Defendant, State Farm Mutual Automobile Insurance Company, is a mutual insurance company with headquarters in Bloomington, Illinois. Defendant conducts business in Arkansas and throughout the United States through insurance agents and other company personnel.

## COMMON FACTUAL BACKGROUND

10.      Defendant's website indicates that it is the "largest auto insurer in the U.S. since 1942."

11.      Plaintiff, like all proposed Class Members, currently has, had, or was covered under a contract of automobile insurance with Defendant that includes or included an optional Med-Pay and/or PIP coverage which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents. The contract of insurance between Plaintiff, as well as each proposed Class Member, and Defendant states

Defendant is entitled to reimbursement of those medical expenses paid under the optional Med-Pay or PIP coverage in the event the insured is due money from a third party responsible for the insured's injuries.

12.     Defendant made payments to or on behalf of Plaintiff, and all proposed Class Members, under Med-Pay or PIP coverage after Defendant's insureds were injured in automobile accidents which were not their fault.

13.     Defendant, throughout the Class Period, as a common policy and general business practice, asserted subrogation or reimbursement rights to receive proceeds from a third party without first reaching an agreement with its insureds or receiving a judicial determination that its insureds were made whole. Before the resolution of the claim between the insured and the third party (*i.e.*, before a made whole judicial determination or agreement between the parties), the Defendant exercised its rights of subrogation or reimbursement.

14.     Defendant received subrogation reimbursement for the Med-Pay or PIP with no agreement between Defendant and the insured that the insured had been made whole. Defendant received subrogation reimbursement for the Med-Pay or PIP before a judicial determination that the insured was made whole.

## COMMON CONTROLLING LAW

15.     Upon information and belief, Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the laws and regulations of the appropriate state. Arkansas law controls how insureds who reside in Arkansas must be treated by Defendant.

16.     It is well settled under Arkansas law that "[t]he subrogation lien cannot arise, or attach, until the insured has received the settlement proceeds or damage award and until there is

a judicial determination that the insured has been made whole." *Riley v. State Farm*, 2011 Ark. 256, at * 16, 381 S.W.3d 840, 850 (2011); *see also Farm Bureau Cas. Ins. Co. v. Tallant*, 362 Ark. 17, 2017 S.W.3d 468 (2005); *Ryder v. State Farm Mut. Auto Ins. Co.*, 371 Ark. 508, 268 S.W.3d 298 (2007); *Franklin v. Healthsource of Ark.*, 328 Ark. 163, 942 S.W.2d 837 (1997); *Shelter Mut. Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

17.     Further, it is well settled in Arkansas law that an insurance company's unilateral determination that an insured has been made whole does not suffice. "The consensus in Arkansas case law is that a legal determination, absent an agreement of the parties, of whether the insured has been made whole can occur after a settlement is reached but must occur before the insurance company is entitled to recover in subrogation." *Riley*, 2011 Ark. 256, at 12; *see also Tallant*, 362 Ark. at 24.

18.     In *Franklin*, the Arkansas Supreme Court confirmed that an insurance company is not entitled to subrogation unless its insured customer has been fully made whole, regardless of whether the insurance contract between the insurer and insured expressly gave the insurer a right of subrogation for benefits paid. *See Franklin*, 328 Ark. at 168-69, 942 S.W.2d at 840; *Ryder*, 371 Ark. at 514, 268 S.W.2d at 303. "Subrogation is recognized or denied upon equitable principles" and "an insured's right to subrogation takes precedent over that of an insurer, so that insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred." *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, 188-89, 60 S.W.3d 458, 461 (2001)(quotations omitted); *see also Gen. Acc. Ins. Co. of Am. v. Jaynes*, 343 Ark. 143, 152, 33 S.W.3d 161, 166 (2000).

19. The Arkansas Supreme Court has explained the rationale for this "made whole" doctrine:

> In a typical insurance scenario, the insured pays premiums to the insurer to assume risks. If the insurer is entitled to reimbursement of the benefits it previously paid to the insured after the insured receives a settlement from a third-party tortfeasor but has still not been made whole, then a windfall is created for the insurer because it is not being forced to assume all of the risks that it has been paid by the insured to assume.

*Ryder*, 371 Ark. at 515-16, 268 S.W.2d at 303.

20. Under this "made whole" doctrine, "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim." *Caldwell v. TAGG Corp.*, 423 F.3d. 784, 790 (8th Cir. 2005)(quotations omitted).

21. Whether the insured is "made whole" required consideration of information that must be provided by the insured, as well as potentially other sources, before such determination can be made. As the Arkansas Supreme Court has explained, "[m]ost always when there is tort recovery the consideration for payment by the tortfeasor includes loss of wages, loss of earning capacity, pain and suffering, permanent or temporary physical impairment, medical expenses, property damages and intangible losses which are not susceptible to exact measurement." *American Pioneer Life Ins. Co. v. Rogers*, 296 Ark. 254, 259, 753 S.W.2d 530, 532-33 (1988).

22. To comply with Arkansas law, Defendant was required by law to not receive subrogation or reimbursement until: (1) After the Plaintiff, or other similarly situated insured customers, and Defendant had reached an agreement that Plaintiff had been made whole; or (2) After a judicial determination that the Plaintiff, or other similarly situated insured customers, has been made whole.

## CLASS ACTION ALLEGATIONS

23.    This action is brought by Plaintiff as a class action, on his own behalf and on behalf of all others similarly situated, under of Rule 23 of the Arkansas Rules of Civil Procedure, for declaratory judgment, breach of contract, monetary restitution, prejudgment interest, injunctive relief, costs, and attorneys' fees. Plaintiff seeks certification of this Action as a class action on behalf of the following class:

> Any residents of the State of Arkansas who, during the Class Period of June 2, 2015 through the date of resolution of this Action,
>
> a.    Have, had, or were covered under a contract of automobile insurance with Defendant that includes or included an optional Med-Pay and/or PIP coverage;
>
> b.    Defendant made payments under the Med-Pay or PIP coverage, and
>
> c.    Defendant received subrogation payments from a third party as subrogation or reimbursement without a judicial determination or agreement that the insured was made whole.

Excluded from the Class are anyone who received payment from the settlement in *Williams v. State Farm Mutual Automobile Insurance Company*, Case No. 4:11-cv-00749 (E.D.Ark.), the Defendant, any parent, subsidiary, affiliate, or controlling person of Defendant, and of the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person, and any judge who may preside over this Action. This Complaint may collectively refer to this as "the Class" and refer to its members as "the Class Members."

24.    The exact number of Class Members, as identified and described in this Complaint, is not known but is estimated to number in the hundreds or thousands. The Class is so numerous that joinder of individual members in this Action is impracticable.

25.     Membership of the Class is specific and predicated from objective standards from documentary evidence and can be readily identified through Defendant's and other third-party's records.

26.     There are common questions of law and fact in the Action that relate to and affect the rights of each Class Member, and the relief sought is common to the entire Class. The common questions of law and fact include:

      a.    Whether, throughout the Class Period, as a common policy and general business practice, Defendant in violation of Arkansas law received subrogation payments from third parties, without reaching an agreement with its insured customers that they had been made whole;

      b.    Whether, throughout the Class Period, as a common policy and general business practice, Defendant in violation of Arkansas law received subrogation payments from third parties, without receiving a judicial determination that its insured customers were made whole; or

      c.    Whether Defendant has written made-whole policies it trains its employees on.

27.     The claims of the Plaintiff, who is representative of the Class identified in this Complaint, are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including the Plaintiff, depend on a showing of the acts of Defendant giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this Action, or with respect to the claims for relief set forth in this Complaint.

28.     The named Plaintiff is the representative party for the Class and is able to, and will, fairly and adequately protect the interests of the Class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

29.    The class action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This Action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class Members whose claims are too small and complex to individually litigate against a large corporate defendant.

30.    As relief for these breaches of contract and violations of Arkansas law, Plaintiff seeks, on behalf of himself and all Class Members: (1) A declaratory judgment determining that Defendant has violated Arkansas law by receiving subrogation or reimbursement from its insured customers before a made whole judicial determination or an agreement to that effect; (2) An order requiring the Defendant to pay monetary restitution in the amount of the subrogated or reimbursed funds that Defendant has unjustly taken from third parties prior to made whole judicial determinations or agreements; and (3) A preliminary and permanent injunction to prevent Defendant from further violating Arkansas law by receiving subrogation or reimbursement payments prior to reaching an agreement or a judicial determination that its insured customers have been made whole.

### COUNT I –
### CLASS ACTION CLAIM AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY FOR DECLARATORY JUDGMENT

31.    Plaintiff realleges and readopts all preceding paragraphs as if fully set forth below.

32.    Plaintiff and all members of the proposed Class have, had, or were covered under a contract of automobile insurance with Defendant. Defendant's contract for automobile coverage provides that its insured are treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how the Defendant's insured

customers who reside in Arkansas must be treated by Defendant.

33.     The automobile contract between Plaintiff and all other similarly situated insureds and Defendant contained an optional Med-Pay and/or PIP coverage provision which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents.

34.     The contract of insurance between the Plaintiff, as well as all those similarly situated, and Defendant provided that Defendant is entitled to subrogation or reimbursement of Med-Pay or PIP payment made on behalf of its insured from a third party responsible for the insured's injuries.

35.     Well-settled Arkansas caselaw limits the Defendant's right to receive subrogation or reimbursement from Plaintiff and similarly situated insureds until after Defendant and the insured have reached an agreement that the insured has been made whole or a judicial determination that the insured has been made whole.

36.     Defendant, as a common policy and general business practice, receives subrogation or reimbursement of payments made under Med-Pay or PIP prior to a made whole judicial determination or agreement. That being so, Defendant has and continues to violate Arkansas law.

37.     Because of these violations of Arkansas law, Plaintiff and the proposed Class Members have been injured. Plaintiff's and the proposed Class Member's damages include the amount of illegally subrogated or reimbursed funds that Defendant has received from third parties. Defendant, through its illegal actions, has kept and continues to keep for itself sums paid by a third-party to which its insured customers are entitled. Consequently, restitution including pre-judgment and post-judgment interest is appropriate, as well as other legal and equitable

relief.

38.     If not permanently enjoined by this Court, Defendant will continue to illegally receive subrogation or reimbursement payments, without first reaching an agreement that its insurereds have been made whole or a judicial determination that its insureds have been made whole. This course of conduct has harmed Plaintiff and the proposed class and will continue to cause the Defendant's insureds irreparable injury, including but not limited to monetary damages. Injunctive relief is therefore appropriate, as well as other legal and equitable relief.

**COUNT II—
CLASS ACTION CLAIM AGAINST
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
FOR BREACH OF CONTRACT**

39.     Plaintiff realleges and readopts all preceding paragraphs as if fully set forth below.

40.     Defendant, State Farm Mutual Automobile Insurance Company, entered into a contract with Plaintiff, insurance policy number 0949905048 (State Farm policy).

41.     The State Farm policy provided Plaintiff and Class Members with Med-Pay and/or PIP coverage.

42.     The Med-Pay and/or PIP coverage does not allow State Farm to receive subrogation payments from third parties unless State Farm has (1) reached an agreement with its insureds that they have been made whole or (2) received a judicial determination that its insureds were made whole.

43.     State Farm has breached the terms of its contracts with the Plaintiffs and Class Members by pursuing and receiving subrogation payments from third parties before (1) reaching an agreement with its insureds that they have been made whole or (2) receiving a judicial determination that its insureds were made whole.

44.     Plaintiff and Class Members have been damaged by State Farm's breach of

contract. Plaintiff and Class Members are entitled to recovery of all subrogation payments unlawfully received by State Farm, pre and post judgment interest, attorneys' fees and expenses and penalties as provided by Arkansas law.

## COUNT III—
## CLASS ACTION CLAIM AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY FOR PRELIMINARY AND PERMANENT INJUNCTION

45.     Plaintiff realleges and readopts all preceding paragraphs as if fully set forth below.

46.     As explained herein, Plaintiff has demonstrated that irreparable harm with result in the absence of an injunction or restraining order.

47.     Despite being sued under similar circumstances in *Williams v. State Farm Mutual Automobile Insurance Company*, Case No. 4:11-cv-00749 (E.D.Ark.), *Riley v. State Farm*, 2011 Ark. 256, at * 16, 381 S.W.3d 840, 850 (2011), *Bradley v. State Farm Mut. Auto. Ins. Co.*, No. 10-1221, 2011 Ark. 257, at *3-4 (June 16, 2011), State Farm has continued its illegal practices. Irreparable harm also results from the relationship between the insurer and insured. *American Investors Life Ins. Co. v. TCB Transp. Inc.*, 312 Ark. 343, 849 S.W.2d 509 (1993)(holding irreparable harm established when insured's costs would increase because of insurer's actions).

48.     Plaintiff has also demonstrated a reasonable probability of a success on the merits. Other courts, in similar circumstances and interpreting Arkansas's "made whole" doctrine, have granted summary judgment in favor of insureds. *Eastwood v. Southern Farm Bureau Cas. Ins. Co.*, Case No. 3:11-CV-03075, 2012 WL 2952172 (W.D.Ark. July 19, 2012). The Arkansas Supreme Court has also explicitly held that State Farm's "claim for subrogation [does] not arise or accrue until [State Farm] obtain[s] a judicial determination that its insured ha[s] been made

whole by his settlement with a third party." *Riley v. State Farm*, 2011 Ark. 256, at * 16, 381 S.W.3d 840, 850 (2011), *Bradley v. State Farm Mut. Auto. Ins. Co.*, No. 10-1221, 2011 Ark. 257, at *3-4 (June 16, 2011). In addition, State Farm reached a settlement agreement involving this very issue in *Williams v. State Farm Mutual Automobile Insurance Company*, Case No. 4:11-cv-00749 (E.D.Ark.) and then continued this illegal activity.

49.     Plaintiff requests a preliminary injunction against Defendant enduring until the Court enters judgment on the merits of this Action, and, thereafter a permanent injunction.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, individually and on behalf of all other similarly situated, prays this Court:

a.   determine this Action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure;

b.   determine Plaintiff is a proper class representative and appoint Plaintiff's counsel and Class Counsel;

c.   enter a declaratory judgment that Defendant's actions of receiving subrogation or reimbursement payments before a made whole judicial determination or an agreement of that fact violates Arkansas law;

d.   enter temporary injunctive relief enjoining Defendant from receiving subrogation or reimbursement before agreeing with its insureds that the insured has been made whole or receiving a judicial determination that the insured has been made whole;

e.   enter an order directing that Defendant pay monetary damages and restitution of 100% of the subrogated or reimbursed proceeds that Defendant has illegally taken, plus pre-judgment and post-judgment interest, attorneys' fees and expenses, and penalties as provided by Arkansas law, to the Plaintiff and all proposed class members;

f.   enter an order permanently enjoining Defendant from receiving subrogation or reimbursement before agreeing with its insureds that the insured has been made whole or receiving a judicial determination that the insured has been made whole;

g.    grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorneys' fees;

h.    and for any other relief to which the Plaintiff and other proposed Class Members show themselves entitled.

PLAINTIFF DEMANDS TRIAL BY JURY.

DATE: June 2, 2020            Respectfully Submitted,

MILLIGAN LAW OFFICES
Phillip J. Milligan (#92055)
Milligan Law Offices
500 So. 16th Street
P.O. Box 2347
Fort Smith, AR 72902-2347
(479) 783-2213– Telephone
(479) 783-4329– Facsimile
cbrooks.mlgnlaw@sbcglobal.net

Thomas P. Thrash (#80147)
Will T. Crowder (#03138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 – Telephone
(501) 374-2222 – Facsimile
tomthrash@thrashlawfirmpa.com
willcrowder@thrashlawfirmpa.com

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS MEMBERS**